# EXHIBIT 15

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

| | |
|---|---|
| **IN THE MATTER OF:** | **Docket No.: 19-024441** |
| **The Petition of Boyce Hydro, LLC** | **Agency No.: HNS-X17S-6B1RG** |
| | **Part(s):** **301, Inland Lakes & Streams** **315, Dam Safety** |
| | **Agency:** **Department of Environment, Great Lakes & Energy** |
| | **Case Type: Water Resources Division** |

_____/

**Issued and entered**
this _23rd_ day of December 2019
by: Daniel L. Pulter
**Administrative Law Judge**

**<u>NOTICE OF OPENING NEW FILE</u>**

This contested case concerns an application submitted by Boyce Hydro, LLC
(Petitioner) for a permit under Part 301, Inland Lakes and Streams, of the Natural
Resources and Environmental Protection Act (NREPA) of 1994 PA 451, as amended;
MCL 324.30101, *et seq.;* and  Part 315, Dam Safety, of the Natural Resources and
Environmental Protection Act (NREPA) of 1994 PA 451, as amended; MCL 324.31501,
*et seq.;* which was denied.   On December 2, 2019, Petitioner filed a Petition for
Contested Case Hearing that serves to challenge the denial.  A copy of the filing is
enclosed for Christopher Conn, who will serve as the representative of the other party in
this case, the Department of Environment, Great Lakes and Energy, Water Resources
Division (WRD).

It is the goal of this Tribunal to process every contested case in the most efficient and
effective manner possible.  To that end, the following describes the nature of this case
and provides a partial listing of the obligations of the Petitioner in initiating this
proceeding:

1. Following the hearing process, a final decision at the administrative level will
   be issued on whether the Petitioner is entitled to the permit which it was
   denied.  That decision is based on the record, typically sworn testimony,

**19-024441**
**Page 2**

exhibits and/or stipulations created during a contested case hearing conducted by this Tribunal.

2. At this point there are two options available for the future course of these proceedings:

   a) Prior to expending the time and resources involved in an evidentiary hearing, this Tribunal encourages the parties in every contested case to examine the potential for resolving the case informally. For that purpose, this case can be held in abeyance for a period of sixty (60) days in order for the Petitioner to contact the WRD to determine whether the reason(s) for the denial of the permit can be resolved or the issues in the case narrowed. Additional abeyance periods may be granted as long as good faith settlement discussions are held and periodic written Status Reports are filed. <u>However, this Tribunal cannot become involved in settlement negotiations.</u>

   b) <u>The case can be immediately prepared for hearing at the earliest possible date upon written request by either party.</u>

3. The Petitioner is responsible for deciding which option will be pursued. If Petitioner intends to explore potential settlement negotiations with the WRD, Petitioner should immediately contact Christopher Conn—Department of Environment, Great Lakes and Energy-Enforcement Unit, Water Resources Division, at P.O. Box 30458, Lansing, Michigan 48909-7973; by telephone at 517-230-4710; or by email to connc@michigan.gov.

4. In the event this case is held in abeyance, Petitioner is responsible for filing Status Reports with this Tribunal at:

   Michigan Office of Administrative Hearings and Rules
   P.O. Box 30695
   Lansing, Michigan 48909-8195

   Or by fax to: (517) 335-5420

These filings are the only acceptable manner to keep this Tribunal apprised of the current posture of the case. <u>A copy of all written submissions to this Tribunal must be served on Christopher Conn at the Department of Environment, Great Lakes and Energy</u> and must include the docket number. ***Please use the enclosed Status Report form.***

19-024441
Page 3

5.  At any point in these proceedings, the failure to file a Status Report by the date set by this Tribunal may result in the immediate dismissal, with prejudice, of this case.  The Order of Dismissal will be based on the presumption that Petitioner has abandoned its rights to a contested case hearing for the purpose of receiving a final agency decision on the subject application.

**NOW, THEREFORE, IT IS ORDERED** that Petitioner file with this Tribunal, and serve on Christopher Conn, a written Status Report by <u>**February 10, 2020**</u>.  <u>That filing shall indicate the preferred method for proceeding with this case.</u>

Daniel L. Pulter
Administrative Law Judge

**19-024441**
**Page 4**

## PROOF OF SERVICE

I certify that I served a copy of the foregoing document upon all parties and/or attorneys, to their last-known addresses in the manner specified below, this _23rd_ day of December 2019.

E. Cussans
**Michigan Office of Administrative Hearings and Rules**

**Via I.D. Mail:**
Christopher Conn
Department of Environment, Great Lakes & Energy,
Enforcement Unit
Water Resources Division
PO Box 30458
Lansing, MI 48909
*w/copy of Petition for Contested Case Hearing*

**Via First Class Mail:**
Joseph W. Colaianne
Clark Hill PLC
212 E. Grand River Ave.
Lansing, MI 48906

Lawrence Kogan
The Kogan Law Group, P.C.
100 United Nations Plaza, Suite# 14F
New York, NY 10017

# STATE OF MICHIGAN
## MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES

### STATUS REPORT

**Docket #** <u>19-024441</u>            **Date:** _____

**Contested Case Caption: <u>Petition of Boyce Hydro, LLC</u>**
Petitioner(s) states:

☐ I/We would like a hearing to be scheduled in this matter at the earliest possible date.

### OR

☐ I/We would like this matter to be held in abeyance to allow additional time for informal discussions.  I/We need an additional _____ days.

State current status of discussions: _____

_____

_____

_____

Attach additional sheet if needed.

### OR

☐ I/We request this matter be dismissed:
    ☐ I/We are withdrawing our Petition for Contested Case Hearing; or
    ☐ A permit was issued on _____(Date), which resolves this matter.
    ☐ Other reason:_____

**Petitioner(s) signature(s):**

_____    _____
**Attorney for Petitioner** (if applicable)    **Petitioner**
**Print Name:**_____    **Print Name:**_____
**Email address:**_____    **Email address:**_____


_____    _____
**Petitioner**    **Petitioner**
**Print Name:**_____    **Print Name:**_____
**Email address:**_____    **Email address:**_____

**Mail this form <u>or</u> Fax to:** 517-335-7535 **AND <u>send a copy all parties</u>.**

Michigan Office of Administrative Hearings and Rules
611 W. Ottawa Street
P.O. Box 30695
Lansing, Michigan 48909-8195
Telephone:  517-335-2484

**EGLE**    Michigan Department of Environment, Great Lakes, and Energy
**PETITION FOR CONTESTED CASE HEARING**

Permit or Application No: (On permit or application as assigned by EGLE)

HNS–X17S–6B1RG

*The procedural authority for a contested case hearing is the*
*Michigan Administrative Procedures Act, 1969 PA 306, as amended, MCL 24.201 et seq.*
*Information requested on this form may be provided in an alternative written format or additional pages may be attached.*

RECEIVED
DEC 02 2019

| ☒ PETITIONER'S NAME      or      ☒ AGENT'S NAME | MAILING ADDRESS (If different from street address) |
|---|---|
| Four Lakes Task Force, Midland and Gladwin County Delegated Authority, per Part 307 of the NREPA, and agent for Boyce Hydro (c/o Lee Mueller) for purposes of this petition. | Clark Hill, PLC<br>Attn: Joseph W. Colaianne (P47404) |
| STREET ADDRESS<br>233  Larkin Street | 212 E. Cesar E. Chavez Ave |
| CITY            STATE   ZIP CODE<br>Midland            MI      48640 | CITY            STATE   ZIP CODE<br>Lansing            MI      48906 |
| TELEPHONE NO.<br>(517) 318-3029 | |
| E-MAIL ADDRESS<br>jcolaianne@clarkhill.com | |

**Statement of Authority:**

I petition a contested case hearing be initiated under the authority of:

☒ Part 301, 301, 315 and 13 of the Natural Resources and Environmental Protection Act, 1994 PA 451, as amended, MCL 324.101 *et seq.*

☐ Part           of the Public Health Code, 1978 PA 368, as amended, MCL 333.1101 *et seq.*

☐ Other statute:

*{Identify statute by popular name, the public act year and number, MCL, and if applicable, the part of the statute}*

☒ Administrative Rule, R 792.10101 et seq; Title:  Administrative Hearing Rules, Part 1 and Part 3

☐ Order No.        ; Title:

Statement of matters asserted, including the site location and other pertinent facts: This petition is related to the denial of an application for a permit to drawdown Wixom Lake located in Sanford Township, Midland County, Michigan, for the winter of 2019/2020 to the elevation of 668.8 feet (NGVD29) which is 5 feet lower than the normal winter level. The drawdown is necessary in order protect the health, safety and welfare of human beings and property, and eliminate the risks to employees operating the dam. The Edenville Dam is a 90-plus year-old non-operating hydroelectric dam located on the Tittabawassee and Tobacco Rivers (which impounds the rivers to create Wixom Lake). Petitioner's consulting engineers, have confirmed what was outlined in the Federal Energy Regulatory Commission's ("FERC") "12 D Reports" (that were provided to EGLE's Dam Safety Division) that the condition of the dam has deteriorated and is in serious need of repair, including repairs to the gates, gate hoists, spillways, wingwall and other items. Petitioner's consulting team has also confirmed the hazardous operating conditions (during the winter months), based on (a) current dam conditions, (b) history of safety concerns due to ice accumulations on the dam, and (c) the fact the dam is not fully equipped or designed for safe winter operations at its normal lake level (especially now that the dam no longer produces power). Based on the foregoing, Petitioner maintains that the drawdown of Wixom Lake (as set forth in the permit application), is the only feasible and prudent alternative that comprehensively minimizes the safety risks to operator employees, and the property owners in proximity to the Edenville Dam. Major repairs to the dam will be implemented over next several

EQP0201 (04/2019)

years, starting in 2020, asuming that EGLE permits the repairs. Petitioner maintains that EGLE's decision to deny the application for the temporary drawdown permit is not supported by reliable scientific principles and methods as applied to the facts.

Petitioner's relationship/interest to the activity or proposed project: Petitioner is a Michigan non-profit corporation appointed by the Counties of Midland and Gladwin as the County Delegated Authority pursuant to Part 307 of the Michigan Natural Resources and Environmental Protection Act. Petitioner is responsible for the operation and maintenance of the normal (legal) levels for Wixom Lake, and has entered into an agreement with the dam owner, Boyce Hydro, to manage the lake levels, while it negotiates and implements the conditions of a purchase agreement that will transfer complete ownership of the dam to the Petitioner. The acquisition of the dam is anticipated to occur in January, 2020. For purposes of the permit application and this petition for contested case, Petitioner, is the agent of the dam owner.

Relief sought by Petitioner: Petitioner contests EGLE's denial of the application for permit, and request an Order: (1) granting the issuance of a permit for the temporary winter drawdown to lower Wixom Lake to the elevation of 668.8 feet (NGVD29) in order to minimize significant risks to the public health, safety and welfare of the public in proximity of the Edenville dam and to minimize the safety risks to dam operator employees; (2) awarding costs and attorney fees in prosecuting this matter; and (3) awarding any such other relief as may be necessary and appropriate.

| SIGNATURE OF PETITIONER/AGENT | DATE |
|---|---|
| *[signature]* | 12/2/2019 |

Submit this completed petition and attachments to:
MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES
OTTAWA BUILDING, SECOND FLOOR
611 WEST OTTAWA STREET
P.O. BOX 30695
LANSING, MI 48909-8195
TELEPHONE:  517-335-2484

**NOTICE:**
A COPY OF EGLE'S FINAL ACTION ON AN APPLICATION OR PERMIT **MUST BE** ATTACHED TO THIS OR ANY ALTERNATIVE WRITTEN PETITION.

EQP0201 (04/2019)



STATE OF MICHIGAN
DEPARTMENT OF
ENVIRONMENT, GREAT LAKES, AND ENERGY
BAY CITY



GRETCHEN WHITMER
GOVERNOR

LIESL EICHLER CLARK
DIRECTOR

November 25, 2019

<u>CERTIFIED MAIL</u>

Lee Mueller
10120 W. Flamingo Rd Ste 4192
Las Vegas, NV 89147

Dear Mr. Mueller:

SUBJECT:   Application Denial, Submission Number: HNS-X17S-6B1RG; Gladwin County;

This letter is to notify you that your application for a permit submitted under the authority of Part 301, Inland Lakes and Streams; Part 303 Wetlands Protection and Part 315, Dam Safety, of the Natural Resources and Environmental Protection Act, 1994 PA 451, as amended (NREPA); and Part 13, Permits, of the NREPA, is hereby denied. The application was received by the Department of Environment, Great Lakes, and Energy (EGLE), Water Resources Division (WRD), on September 25, 2019.

The purpose of the project, as shown in your application, is to conduct " a winter drawdown for Wixom Lake of approximately 8 feet." The drawdown was proposed to begin on November 4,2019 and the lake would remain drawn down until an uncertain date when the water reaches a temperature near 39 degrees F.

After due consideration of the permit application, site conditions, and other pertinent materials, your application is denied for the following reason(s):

The proposed project will have significant adverse effects on the natural resources associated with Wixom Lake. Research has shown that while minor fluctuations in a lake's water levels can potentially be ecologically beneficial (e.g., mimicking seasonal, natural fluctuations that occur in many natural lakes), large-scale cold-season drawdowns within impoundments are often associated with negative ecological effects. Various biological, chemical, and physical changes within the littoral zone during a large-scale cold-season drawdown can indirectly affect ecological condition within the rest of the impoundment.

Littoral substrate and aquatic vegetation rhizomes/stems can become desiccated and irreversibly damaged, with consequences being an increased risk of significant erosion to the exposed edges of the lakebed. Winter drawdowns can decrease taxonomic richness of littoral/wetland macrophytes and invertebrates and shift species assemblage composition in exposed portions of the lake to favor weedy and nuisance taxa when eventually re-flooded. Fish assemblages that depend on a productive and diverse littoral zone can be negatively affected indirectly via a decrease of littoral macroinvertebrate biomass and macroinvertebrate species richness.

Fish assemblages can also be negatively affected indirectly because of decreased quality or quantity of littoral spawning habitat available within the previously-vegetated portions of the littoral zone and adjacent deep-marsh wetlands (e.g. the northern portions of both reservoir arms and the vast marsh located east of Heron Cove). Fish assemblages can be negatively affected directly through potential stranding in newly-formed shallow areas that become disconnected from the lake and can become highly susceptible to rapid depletion of dissolved oxygen under ice (i.e., "Winter Kill").

Implementing a drawdown too late in the fall and/or within winter can be problematic for various species of frogs and aquatic turtles. Various species utilize littoral zone wetlands and shallowly inundated benthic substrate to hibernate from mid-autumn through winter. A drawdown after the cold-season commences can expose these hibernating animals to very cold, dry air, where they can desiccate irreversibly.

Additionally, the timing of the proposed drawdown is well outside the recommended season for mussel relocation. Aside from the added stress of exposure to potentially freezing temperatures, there also exists a significant risk of not recovering all stranded mussels in the event of snowfall. These risks are significantly exacerbated if the drawdown takes place at the proposed start date of late-November.

Rainbow mussel (Villosa iris), is a State-listed Special Concern species that is suspected to inhabit the upper end of the Tobacco River portion of the Wixom Lake reservoir where there is normally some lotic current. State/Federal mussel maps indicate that this species also likely inhabits more than a mile segment of the Tobacco River adjacent to the north end of the reservoir. Pertaining to this mussel species, Michigan Natural Features Inventory literature recommends that unnatural hydrological alterations be avoided. A significant winter drawdown could strand and kill individuals of this species and other native mussel species, primarily because they cannot relocate (or be relocated) effectively.

The WRD believes that feasible and prudent alternatives exist that would lessen or eliminate the negative effects of the project as proposed. As an alternative, we suggest that you consider de-icing measures, like those used in other comparable facilities, such as: the daily use of heated pressure washers as part of a routine Operations and Maintenance Plan. Such a plan should include contact information of outside contractors who can assist should onsite staff be unable to implement a regular schedule of de-icing.

If you choose to pursue this project in the future by incorporating any alternatives, it will be necessary to reapply for a permit by submitting a new application with all of the necessary information and application fees. Application fees are not transferable or refundable.

You have the right to appeal this denial by filing a petition for a formal administrative hearing. To preserve your right to an administrative hearing, a petition must be filed with the Michigan Office of Administrative Hearings and Rules (MOAHR) within 60 days from the date of this denial letter. The petition can be found here: https://www.michigan.gov/documents/egle/EQP0201_656169_7.docx To request a hearing, submit the petition to: Michigan Office of Administrative Hearings and Rules , P.O. Box 30695, Lansing, Michigan 48909 or by fax to: 517-335-7535.

If you would like to discuss project alternatives and plan modifications prior to filing a Petition for Contested Case, please contact me.  Our discussions may continue during the informal review process after a Petition for Contested Case is filed, but your formal appeal must be filed within the 60-day deadline.

If you have any questions regarding this matter, please contact me at 989-439-6065; rudolphb1@michigan.gov; or EGLE, WRD, Bay City District Office, 401 Ketchum Street, Suite B, Bay City, Michigan 48708-5430.  Please include your submission number HNS-X17S-6B1RG, in your response.

Sincerely,

Brian Rudolph
Bay City District Office
Water Resources Division

cc:   David Kepler, Four Lakes Task Force
      Ron Hansen, Spicer Group Inc.
      Billings Township Clerk
      Tobacco Township Clerk
      Gladwin County Clerk
      Gladwin County Drain Commissioner
      Gladwin CEA
      Kesiree Thiamkeelakul, MDNR Fisheries Div.
      Luke Trumble, EGLE/WRD, Dam Safety Unit
      Keto Gyekis, EGLE/WLSU