# EXHIBIT 24

STATE OF MICHIGAN
CIRCUIT COURT FOR THE 55TH JUDICIAL CIRCUIT
GLADWIN COUNTY

MICHIGAN DEPARTMENT OF ENVIRONMENTAL
QUALITY,

    Plaintiff,

v

BOYCE HYDRO, LLC, a Michigan limited liability
company; BOYCE HYDRO POWER, LLC, a
Michigan limited liability company; BOYCE
MICHIGAN, LLC, a Michigan limited liability
company; EDENVILLE HYDRO PROPERTY, LLC, a
Michigan limited liability company; and LEE W.
MUELLER,

    Defendants.

Case No. 2016-8538-CE

Hon. Thomas R. Evans

A TRUE COPY
55th CIRCUIT COURT

DEC 05 2019

GLADWIN COUNTY CLERK
LAURA BRANDON-MAVEAL

## CONSENT JUDGMENT

At a session of said court held in the county of Gladwin, Michigan,
on the 5th day of December 2019.

Present: HON. THOMAS R. EVANS
Circuit Court Judge

Page 2 of 16

The Parties agree that settlement of this action is in the public interest and stipulate to the entry of this Consent Judgment as the most appropriate means of resolving the allegations raised by Plaintiff in the Complaint filed with the court. As evidenced by the signatures below, the Parties agree to, and shall be bound by, the terms and findings in this Consent Judgment.

This Consent Judgment requires the completion of remedial activities and payment of certain enforcement costs, civil and stipulated charges by Defendants pursuant to five separate statutory parts of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.*:

(1) Permits, MCL 324.1301 *et seq.* (Part 13);

(2) Water Resources Protection, MCL 324.3101 *et seq.* (Part 31);

(3) Soil Erosion and Sedimentation Control, MCL 324.9101 *et seq.* (Part 91);

(4) Inland Lakes and Streams, MCL 324.30101 *et seq.* (Part 301); and

(5) Wetlands Protection, MCL 324.30301 *et seq.* (Part 303);

and the rules and regulations promulgated under each statute.

NOW, THEREFORE, pursuant to the consent of the Parties and the findings of this Court, it is hereby ORDERED, ADJUDGED AND DECREED:

## I. JURISDICTION AND VENUE

1.1  This Court has jurisdiction over the subject matter of this action and over the parties pursuant to Part 31 at 324.3115(1); Part 91 at MCL 324.9113(1); Part 301 at MCL 324.30112(1); Part 303 at MCL 324.30316(1); and pursuant to MCL 600.605. Defendants conduct business within the State of Michigan. This Court thereby has personal jurisdiction over the Defendants.

1.2  Venue is appropriate pursuant to Part 31 at 324.3115(1); Part 91 at MCL 324.9113(1); Part 301 at MCL 324.30112(1); Part 303 at MCL 324.30316(1); and pursuant to MCL 600.605.

1.3    The court determines that the terms and conditions of this Consent Judgment are reasonable, adequately resolve the environmental issues raised in the Complaint, and properly protect the interests of the people of the State of Michigan.

1.4    This Court retains jurisdiction over the Parties and subject matter of this action in order to enforce this Consent Judgment and to resolve disputes arising under it, including disputes over the construction, execution, or implementation of this Consent Judgment.

## II. PARTIES BOUND

2.1    Plaintiff, Michigan Department of Environmental Quality (MDEQ), was a principal department within the Executive Branch of the State of Michigan. It is now known as the Department of Environment, Great Lakes, and Energy (MDEQ-EGLE or EGLE). EGLE is the state agency mandated to conduct enforcement and accomplish compliance with the NREPA to provide for the protection of the natural resources of the state from pollution, impairment, and destruction. Const. 1963, Art. IV, § 52.

2.2    Defendant Boyce Hydro, LLC is a Michigan limited liability company; Defendant Boyce Hydro Power, LLC is a Michigan limited liability company; Defendant Boyce Michigan, LLC is a Michigan limited liability company; Defendant Edenville Hydro Property, LLC is a Michigan limited liability company; Defendant Lee W. Mueller is an individual named both in his personal capacity and as the individual who controls each of the other Defendants. All references to "Defendants" in this Consent Judgment apply to them jointly and severally.

2.3    The provisions of this Consent Judgment shall be binding on the Parties, their officers, agents, successors and assigns. Defendants shall provide EGLE with written notice of any Defendants' plan to transfer the ownership of part or all of any portion of the Property; shall provide a copy of this Consent Judgment to any prospective owners or successors prior to the transfer of any ownership rights; and shall condition the transfer on the new owner or successor's agreement to comply with this Consent Judgment. EGLE may record this Consent Judgment with the Gladwin County Register of Deeds. This Consent Judgment is binding on all successors, heirs, or assigns of any Defendant until terminated. Upon a transfer of ownership of part or all of any portion of the Property that is subject to this Consent Judgment to a subsequent purchaser, Defendants shall no longer be bound by the terms of this Consent Judgment as it relates to whatever portion of the Property is

transferred to a subsequent purchaser, but no transfer of ownership of all or part of the Property or any other circumstance will release Defendants of their obligation under Section X of this Consent Judgement.

2.4 Defendants shall provide a copy of this Consent Judgment to all contractors, subcontractors, and consultants that are retained to conduct any portion of the duties to be performed pursuant to this Consent Judgment, and to any employees overseeing environmental management of the Property, within three (3) calendar days after such retention.

2.5 Notwithstanding the terms of any contract(s) that any Defendant may enter with respect to any duties to be performed pursuant to this Consent Judgment, Defendants are jointly and severally liable and responsible for compliance with the terms of this Consent Judgment and shall ensure that its contractors, subcontractors, consultants, and employees perform all compliance activities in full conformance with the terms and conditions of this Consent Judgment.

### III. DEFINITIONS

3.1 Unless otherwise defined herein, all terms used in this document, which are defined in pertinent parts of the NREPA or its associated administrative rules or permits or the Federal Clean Water Act, shall have the same meaning in this document as in those pertinent statutes, rules, or permits.

3.2 "Administratively Complete" means a permit application that contains the information required by relevant statutes and rules, as summarized on the attached Checklist for Administrative Completion of Permit Application expressly incorporated as Exhibit A of this Consent Judgment.

3.3 "Floodplain Impact Areas" means areas where impacts to the 100-year floodplain are graphically illustrated in red and green on the attached Floodplains Compensation Map expressly incorporated as Exbibit B of this Consent Judgement, and areas identified and graphically illustrated as Areas F and J5 on the attached General Impacts Map expressly incorporated as Exbibit C of this Consent Judgement.

Page 5 of 16

3.4  "Inland Stream Restoration Areas" means areas where impacts to inland streams graphically illustrated in blue, red, and green on the attached Inland Streams Restoration Map that is expressly incorporated as Exhibit D of this Consent Judgment.

3.5  "Parties" mean Plaintiff EGLE and Defendants Boyce Hydro, LLC; Boyce Hydro Power, LLC; Boyce Michigan, LLC; Edenville Hydro Property, LLC; and Lee W. Mueller.

3.6  "Property" means all lands where impacts are identified by color or in the Legend of and graphically illustrated on the attached General Impacts Map that is expressly incorporated as Exhibit C of this Consent Judgment. The Parties agree that the Property encompasses at least the following Gladwin County Tax Parcels as of January 2019: 150-035-400-004-01, 150-035-400-004-02, 150-035-400-004-03, 150-035-400-004-04, 150-036-300-001-02, and 150-036-300-001-03.

3.7  "SESC Permit Areas" means all soil erosion and sedimentation control areas which are identified in the Legend of and graphically illustrated in red on the attached SESC Permit Areas Map that is expressly incorporated as Exhibit E of this Consent Judgment.

3.8  "Wetlands Restoration Areas" means the two areas where wetland impacts are graphically identified in the Legend of and illustrated in red on the attached Wetlands Restoration Map that is expressly incorporated as Exhibit F of this Consent Judgment.

## IV. SOIL EROSION AND SEDIMENTATION CONTROL

4.1  There are areas on the Property where the Defendants performed earth changes for which they did not have an active Part 91 permit(s) from the Gladwin County Soil Erosion and Sedimentation Control Department (GCSESCD).[1] There are other areas on the Property where Defendants must perform restoration of wetlands and inland streams, removal of

---

[1] EGLE recognizes that Defendants had previously secured Part 91 permits from the Gladwin County Soil Erosion and Sedimentation Control Department (GCSESCD), consistent with Part 91, to undertake earth change activities in portions of the two western areas identified on the SESC Permit Areas Map, and in a portion of the eastern-most area identified on the SESC Permit Areas Map. EGLE recognizes that the following five Part 91 permits were previously obtained covering portions of both areas of the western portion of the Property: GC Permit #s: S11-2350, Issued 8-12-11, Expired 8-12-12; S14-2703, Issued 7-28-14, Expired 7-28-15; S15-2802, Issued 5-20-15, Expired 5-20-16; S15-2861, Issued 10-1-15, Expired 10-1-16; and CD16-55, Issued 5-26-16, Expired 5-26-17. See Boyce Hydro, LLC, Soil Erosion and Sedimentation Control Permit Mapping - West Edenville Dam Site (Nov. 2019). EGLE also recognizes that the following Part 91 permit was previously obtained covering a portion of the eastern-most area of the Property identified on the SESC Permit Areas Map: GC Permit # S10-2229, Issued 8-25-10; Extended 8-25-12; Expired 8-25-13. See Boyce Hydro, LLC, Soil Erosion and Sedimentation Control Permit Mapping - East Edenville Dam Site (Nov. 2019).

fill, or compensating floodplain construction, pursuant to Sections V, VI, and VII of this Consent Judgment, that require a Part 91 permit(s) from the GCSESCD. All such areas are highlighted on the attached SESC Permit Areas Map (Exhibit E).

4.2 Defendants will obtain Part 91 permits (or a single "master" Part 91 permit, if possible,) from the GCSESCD covering each or all of the areas identified on the SESC Permit Areas Map by May 15, 2020. Defendants will comply with the permit(s) and timely achieve long-term stabilization in those areas in accordance with Mich Admin Code, R 323.1701 - 323.1714.

4.3 Defendants will apply for a Notice of Coverage under Part 31 from EGLE within ten (10) business days of the date Defendants receive Part 91 permit(s) in compliance with Part 91 and its associated rules (Mich Admin Code, R 323.2101–323.2197). Defendants collectively may file a single application for a Notice of Coverage that covers all the areas on the SESC Permit Areas Map for which it has obtained Part 91 permit(s).

## V. WETLANDS RESTORATION

5.1 The attached Wetlands Restoration Map (Exhibit F) shows two areas where Defendants impacted forested wetland without a Part 303 permit: a west area and an east area. For the west area: By May 15, 2020, Defendants will submit a wetland restoration plan for EGLE approval that restores .72-acre of the west area to forested wetland—no more and no less. The restoration plan, at a minimum, will require the use of clean topsoil; remove any fill down to the native soil; and require five (5) years of monitoring; identify existing and proposed grades, include a vegetative plantings plan, and include construction and planting schedules that identify dates by which the restoration work will be complete. Monitoring must be done in compliance with the attached Wetlands Restoration Annual Monitoring Report Requirements expressly incorporated as Exhibit G of this Consent Judgment.

5.2 Any EGLE approval of the restoration plan submitted under Paragraph 5.1 of this Consent Judgement is limited only to the area covered by that plan. The approval has no impact of any kind on areas outside of the .72-acre restored under that plan. Defendants cannot rely on any such approval in any way for any reason, in any forum or before any body, including EGLE, to try and obtain future approval to perform work outside of the .72-acre restored under that plan.

Page 7 of 16

5.3 For the east area on the Wetland Restoration Map, which is marked as G on the General Impacts Map, Defendants will remove any fill in or adjacent to wetland areas and place it at an upland site approved by EGLE.

5.4 Defendants cannot begin the work described in Section V of this Consent Judgement without first obtaining the requisite EGLE approvals described in this section, and the work required by Section V of this Consent Judgement is not complete until EGLE confirms that Defendants have completed the work to EGLE's reasonable satisfaction.

## VI. FLOODPLAINS COMPENSATION

6.1 The attached Floodplains Compensation Map (Exhibit B) shows some of the areas where a Part 31 permit is required. By May 15, 2020, Defendants will submit a plan for EGLE approval that shows how Defendants will make a cut that compensates for the impacts in accordance with agreements during the mediation process. The plan must include dates certain for when the compensating cut will be completed.

6.2 The attached General Impacts Map (Exhibit C) shows Areas F and J5 that had floodplain impacts. Defendants must confirm to EGLE's reasonable satisfaction that the floodplain impacts no longer exist, including the removal of the fill from those areas.

## VII. INLAND STREAM RESTORATION

7.1 The attached Inland Streams Restoration Map (Exhibit D) shows some of the areas requiring a Part 31 or Part 301 permit. By May 15, 2020, Defendants will submit a plan for EGLE approval that shows how Defendants will restore this area in accordance with agreements made during the mediation process. At a minimum, the plan must ensure the removal of all concrete blocks, the removal of remaining fill from the west channel, the removal of any remaining non-native fill from the old channel, the stabilization of remaining areas with native rock, and the changes necessary to reestablish a natural flow of the river. The plan also must include a construction timeline and dates certain for when the work will be complete.

## VIII. AFTER-THE-FACT PERMIT

8.1 The attached General Impacts Map (Exhibit C) shows several locations where permits are required. By May 15, 2020, Defendants will submit a single, Administratively Complete

comprehensive Part 31, Part 301, and Part 303 permit application to EGLE that seeks after-the-fact approval of the impacts described as follows:

a. Area A (Dredge in Wixom Lake)

b. Area D (Ditch)

c. Area E (Floodplain fill, riprap, fishing platform, including the Floodplain Grading in area between E, K, and M identified in August 2017 inspection)

d. Area H (Floodplain and wetland impacts, including Floodplain Fill and Floodplain Fill Pile identified in August 2017 inspection)

e. Area I (Dredge for boat launch)

f. Areas J1, J2, and J3 (Floodplain impact and fill)

g. Area K (Dredge near fishing platform)

h. Areas N1 and N2 (Fishing piers)

## IX. EGLE REVIEW OF SUBMISSIONS

9.1   As discussed in Section XV of this Consent Judgement, there is a distinction between permit applications and submissions. As explained in Section XV of this Consent Judgement, permit applications will be reviewed in accordance with the law governing permit applications, including Part 13 (MCL 324.1307), as amended,[2] as applicable.

9.2   For submissions, EGLE will review them consistent with the spirit of MCL 324.1307, as amended. If EGLE disapproves of a submission—either in whole or in part—it shall do so in writing, and articulate a sufficient and reliable basis in science, fact and law for such disapproval, and shall notify Defendants and their counsel under Section XV of this Consent Judgement in writing, and provide suggestions on changes to allow Defendants to reasonably achieve EGLE's approval. Within 30 days of the date of EGLE's written disapproval, Defendants will deliver a revised submission that addresses the issues identified in EGLE's notice of disapproval. During those 30 days, the counsel for the

---

[2] See Act No. 631, Sec. 1307, amending 1994 PA 451, enacted December 28, 2018, effective March 29, 2019 (concerning the approval or denial by EGLE of permit applications submitted after March 29, 2019).

Parties shall also meet and confer to assist their clients in reaching a resolution. Failure to comply with the 30-day deadline without first securing in writing an extension is one of the types of deadline violations described in Section XI of this Consent Judgment.

9.3  Upon EGLE approval of a submission, the approved submission shall be incorporated by reference into this Consent Judgment and shall be enforceable as a legal document in accordance with the provisions of this Consent Judgment.

9.4  The failure by Defendants to submit an approvable submission, or Administratively Complete permit application, within the applicable time periods specified above constitutes a violation of this Consent Judgment and may subject Defendants to the enforcement provisions of this Consent Judgment.

9.5  Any delays caused by Defendants' failure to submit an approvable submission, or Administratively Complete permit application, when due shall in no way affect Defendant's responsibility to comply with any other deadline(s) specified in this Consent Judgment.

9.6  No informal comments by the EGLE regarding any permit application or submission made by Defendants will be construed as relieving Defendants of their obligation to obtain written approval when required to do so by this Consent Judgment.

## X. COSTS AND CHARGES

10.1  The Parties have agreed that Defendants will remit to EGLE a sum total of $161,000 of enforcement costs and charges as consideration for entering into this Consent Judgment, in accordance with the three-installment arrangement set forth below. Within seven days after the Effective Date of this Consent Judgment, Defendants shall make a first installment payment to the State of Michigan in the amount of $25,000 as partial reimbursement for enforcement costs.

10.2  Within ten days after the Effective Date of this Consent Judgment, Defendants will establish an escrow account with a bank or credit union into which they can deposit funds, but out of which they cannot withdraw funds without EGLE authorization, notify EGLE of the location of the escrow account, authorize the escrow agent to make the payments required by Paragraph 10.3 of this Consent Judgement, and direct the escrow agent to send monthly account statements for the account to EGLE.

10.3 No later than February 28, 2020, the escrow agent for the escrow account described in Paragraph 10.2 of this Consent Judgement will disburse the second installment payment to EGLE in the amount of $68,000. $28,000 of the second installment payment is for partial reimbursement of enforcement costs. No later than February 15, 2021, the escrow agent will disburse the third and final installment payment to EGLE in the amount of $68,000.

10.3 Timely payment of the amounts identified in Paragraphs 10.1 and 10.3 of this Consent Judgement will fully resolve any and all claims EGLE has against Defendants for the actions Defendants took that led to the Complaint and this Consent Judgment, including costs, fees, penalties, and litigation expenses. This paragraph does not apply to any claim that was not part of the Complaint that led to this Consent Judgment.

## XI. STIPULATED CHARGES

11.1 For each failure to comply with a deadline contained in this Consent Judgment that EGLE has not extended pursuant to Section XII of this Consent Judgement, Defendants shall pay a stipulated charge of **$5,000**. If, after 30 days from the original deadline, or any extended deadline EGLE has granted, Defendants have not fully completed the requirements associated with the missed deadline, stipulated charges shall begin to accrue in accordance with Paragraph 11.2 of this Consent Judgement.

11.2 Beginning thirty days from the original deadline or extended deadline missed under the terms of Paragraph 11.1 of this Consent Judgement, Defendants shall pay stipulated charges of **$200** per violation per day for one to seven days after violation, **$300** per violation per day for eight to 14 days after violation, and **$500** per violation per day for each day of violation thereafter.

11.3 All payments under Paragraphs 11.1 and 11.2 of this Consent Judgement shall be made within 30 days of the date of an invoice from EGLE sent in compliance with Section XV of this Consent Judgement.

11.4 Defendants agree not to contest the legality of any stipulated charges invoiced under Section XI of this Consent Judgment but reserve the right to dispute the factual basis upon which the invoice for stipulated charges is based.

11.5 In addition to the stipulated charges described in Section XI of this Consent Judgment, EGLE reserves the right to pursue appropriate action, including injunctive relief, to enforce the provisions of this Consent Judgment. EGLE is precluded from seeking both a stipulated charge under Section XI of this Consent Judgement and a statutory charge for the same violation.

## XII. EXTENSION OF DEADLINES

12.1 The Parties agree that EGLE may grant Defendants a reasonable extension of the deadlines specified in this Consent Judgment. If Defendants seek an extension, they will submit an extension request to EGLE in writing no later than ten (10) business days prior to the pertinent deadline. The request shall describe the circumstances Defendants believe will prevent them from meeting the deadline(s); describe the measures Defendants have taken or intend to take to carry out the responsibility imposed on Defendants under this Consent Judgment for which a deadline extension is requested; and state the length of the extension requested and the specific date on which the obligation will be met.

12.2 EGLE will respond in writing to extension requests. EGLE retains the discretion whether to grant an extension but will not unreasonably withhold approval of an extension request. No extension of the deadlines in this Consent Judgment is valid unless in writing from EGLE and, if applicable, signed by both parties. Extension requests and responses may be delivered by e-mail.

## XIII. REPORTING OF VIOLATIONS

13.1 Defendants shall verbally report any violation(s) of any of the terms of this Consent Judgment to EGLE's Water Resources Division (WRD), Bay City District Office Supervisor [Currently, Brian Rudolph at phone: 989-439-6065] by no later than the close of the next business day following detection of such violation(s), and shall follow such notification with a written report within five (5) business days following detection of such violation(s). The written report shall include a detailed description of the violation(s), as well as a description of any actions proposed or taken to correct the violation(s). Defendants shall report any anticipated violation(s) of this Consent Judgment to the individual referenced above in advance of any relevant deadlines.

## XIV. GENERAL PROVISIONS

14.1  Defendants will not take future action on the Property, including annual or regular maintenance projects, that require a permit under Parts 31, 91, 301, or 303 with first obtaining that permit. Defendants will comply with any permit obtained.

14.2  This Consent Judgment in no way affects Defendants' responsibility to comply with any other applicable state, federal, or local laws or regulations. Specifically, this Consent Judgment does not relieve Defendants of their obligation to obtain and comply with any local, state, or federal permits that are necessary to perform the activities required by this Consent Judgment.

14.3  Defendants shall allow any authorized representative or contractor of EGLE, upon presentation of proper credentials, to enter upon the premises of the Property at all reasonable times with at least three (3) days prior written notification for the purpose of monitoring compliance with the provisions of this Consent Judgment. This paragraph in no way limits the authority of EGLE to conduct tests and inspections pursuant to the NREPA and the rules promulgated thereunder, or any other applicable statutory provision.

14.4  Any permits Defendants obtain pursuant to this Consent Judgment, and any submission EGLE approves pursuant to this Consent Judgment, are incorporated into this Consent Judgment. The permit or submission shall be enforceable in accordance with the provisions of this Consent Judgment.

14.5  Upon request by an authorized representative of EGLE, Defendants shall make available to EGLE all records, plans, logs, and other documents required to be maintained under this Consent Judgment or pursuant to the NREPA or its rules. All such documents shall be retained by Defendants for at least a period of three (3) years from the date of generation of the record unless a longer period of record retention is required by the NREPA or its rules.

14.6  EGLE reserves its right to seek interest on any unpaid sums due pursuant to the terms of the Consent Judgment. This interest charge shall be based on the rate set forth at MCL 600.6013(8), using the full increment of amount due as principal, and calculated from the due date for the payment until the delinquent payment is finally made in full.

14.7 The parties agree to diligently and in good faith pursue informal negotiations to resolve any disputes arising out of this Consent Judgment prior to resorting to judicial enforcement. Such negotiations shall proceed in a timely manner.

14.8 Parties agree to waive any right to appeal this Consent Judgment.

14.9 All remediation work required by Sections IV, V, VI, and VII of this Consent Judgement shall be completed no later than the end of the construction season in 2021, which is approximately November 1, 2021.

14.10 EGLE will forego its usual practice of recording this consent judgment as a judgement lien on all property Defendants own in Michigan, and instead record judgment liens only on Tax ID parcels 110-015-304-001-51, 110-015-304-001-52, 110-015-300-005-10, 130-028-400-001-00 in Gladwin County, only if the representations made in the November 7, 2019, affidavit of Lee M. Mueller attached and expressly incorporated as Exhibit H of this Consent Judgment continue to be true and Defendants comply with the terms of this Consent Judgment.

14.11 Defendants will continue to use their already retained consultant, Affiliated Researchers, to oversee the remediation work required by Sections IV, V, VI, and VII of this Consent Judgment.

14.12 Upon the Parties' execution and the Court's entry of this Consent Judgment, the Department agrees not to pursue a motion to show cause based on the Court's order granting EGLE's motion to compel the production of documents identified in the September 18, 2019, and October 2, 2019, deposition notices sent to Defendants. EGLE reserves the right to pursue such a motion if Defendants fail to comply with this Consent Judgment, as part of its filing of a motion to enforce this Consent Judgment.

## XV. NOTICES

15.1 This Consent Judgment envisions three different types of documents Defendants are required to submit to EGLE: permit applications, submissions, and payments.

15.2 Permit applications, such as the applications referred to in Paragraphs 4.3 and 8.1 of this Consent Judgement, are distinct from the other submissions required by this Consent Judgment. All permit applications must be submitted in accordance with the standard

procedures governing those applications including, if necessary, sediment testing. EGLE will process the applications under its standard procedures.

15.3 Submissions required by this Consent Judgment, including but not limited to the plans required by Paragraphs 5.1, 6.1, and 7.1 of this Consent Judgement, and the submissions, if necessary, under Paragraphs 12.1 and 13.1 of this Consent Judgement, must be sent to the WRD, Bay City District Office Supervisor, at EGLE, 401 Ketchum Street, Suite B, Bay City, Michigan 48708-5430, by either first class or certified mail. Submissions that have been mailed may also be copied by e-mail to the Bay City District Office Supervisor.

15.4 Payments under Sections X and XI of this Consent Judgement must be made by check made payable to the State of Michigan and delivered to the Accounting Services Division, Cashier's Office for EGLE, P.O. Box 30657, Lansing, Michigan 48909-8157, or hand delivered to the Accounting Services Division, Cashier's Office for EGLE, 425 West Ottawa Street, Lansing, Michigan 48933. To ensure proper credit, all payments made pursuant to this Consent Judgment must include the **Payment Identification Number WRD 40103**. Proof of any payments submitted must be copied to the WRD, Bay City District Office Supervisor, at the address provided in Paragraph 15.3 of this Consent Judgement, by either first class or certified mail.

15.5 Correspondence under this Consent Judgment directed from EGLE to Defendants, such as correspondence under Sections IV or XII of this Consent Judgement, shall be sent to the attention of Mr. Lee Mueller, Co-Member Manager, Boyce Hydro, LLC, 6000 South M-30 (P.O. Box 15) Edenville, Michigan 48620, and to the attention of Defendants' counsel *pro hac vice*, Lawrence A. Kogan, at The Kogan Law Group, P.C., 100 United Nations Plaza, Suite 14F, New York, New York 10017.

## XVI. TERMINATION

16.1 This Consent Judgment shall remain in full force and effect until terminated by a written Notice of Consent Judgment Termination issued by EGLE. Prior to issuance of a written Notice of Consent Judgment Termination, Defendants shall submit a request consisting of a written certification that Defendants have fully complied with all requirements of this Consent Judgment and have made payment of any sums required by this Consent Judgment. Specifically, an acceptable certification shall include:

      a. The dates of compliance with each provision of this Consent Judgment, and the date any required sums were paid.

      b. A statement that all required information has been reported to the WRD, Bay City District Office Supervisor.

      c. Confirmation that all records required to be maintained pursuant to this Consent Judgment are being maintained at an accessible location by Defendants.

16.2  EGLE may request additional relevant information before issuing a Notice of Consent Judgment Termination but shall not unreasonably withhold issuance of a Notice of Consent Judgment Termination. If issued, Defendants may record the Notice of Consent Judgment Termination with the Gladwin County Register of Deeds.

## XVII. EFFECTIVE DATE

17.1  The Parties agree that this Consent Judgment shall be effective in its entirety upon the date that it is entered by the Court.

17.2  This Consent Judgment does not resolve the last pending claim or close the case. Instead, the Parties agree that the Court retains jurisdiction over the enforcement of this Consent Judgment until the time EGLE issues a Notice of Consent Judgment Termination, at which time the Parties will notify and recommend to the Court that the case should be closed.

*Thomas R. Evans*

HON. THOMAS R. EVANS
Circuit Court Judge

## STIPULATING SIGNATORIES

The signatories to this Consent Judgment certify that they are authorized to execute this Consent Judgment and to legally bind the Parties they represent to the requirements of this Consent Judgment:

FOR PLAINTIFF,

MICHIGAN DEPARTMENT OF
ENVIRONMENT, GREAT LAKES, AND
ENERGY:

By: _____
Liesl Eichler Clark
Director
Michigan Department of
Environment, Great Lakes, and Energy
Dated: Nov 22, 2019

DANA NESSEL,
Attorney General

By: _____
Nathan Gambill
Assistant Attorney General
Attorney for Plaintiff
Environment, Natural Resources,
and Agriculture Division
Dated: Nov 25, 2019

FOR DEFENDANTS,

BOYCE HYDRO, LLC;
BOYCE HYDRO POWER, LLC;
BOYCE MICHIGAN, LLC;
EDENVILLE HYDRO PROPERTY, LLC; LEE
W. MUELLER

By: _____
Lee W. Mueller
Dated: 25 NOVEMBER, 2019

By: _____
Ronald Tyler
Tyler and Tyler, P.C.
Co-Counsel for Defendants
Dated: 11-25, 2019

By: _____
Lawrence A. Kogan (Pro Hac Vice)
Kogan Law Group, P.C.
Co-Counsel for Defendants
Dated: Nov. 25, 2019

LF: Boyce Hydro/AG# 2014-0085883-B-L/Consent Judgment 2019-11-19